IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY D. DAVIS, SR.,

                Plaintiff,

v.                                                                      1:15-cv-135-WSD

NORWEGIAN AMERICAN
HOSPITAL,

                Defendant.

## OPINION

On January 15, 2015, Plaintiff filed his Application for Leave to Proceed *In Forma Pauperis* [1] ("Application") in this action. On February 6, 2015, Magistrate Judge E. Clayton Scofield granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, in his Complaint, states that he is bringing this action pursuant to 42 U.S.C. § 1395dd(b-c)[1] and 18 U.S.C. § 2255. (Complaint at 1). Plaintiff alleges also that the Court "has jurisdiction of this matter by virtue of the fact that

---

[1]     The Magistrate Judge, in his February 6, 2015, Order, incorrectly identified the statute as 42 U.S.C. § 1395, a provision of the Social Security Act that prohibits federal officers or employees from exercising "any supervision or control over the practice of medicine or the manner in which medical services are provided . . . ." (February 6, 2015, Order, at 2).

the parties are citizens of different states and the damages being claimed exceed a million dollars." (Id.).

Plaintiff, in his Complaint, alleges that, on July 11, 2013, he experienced a "stroke like event" and was taken to the emergency room at Norwegian American Hospital ("Defendant"). (Complaint at 1). Plaintiff alleges that Defendant, upon learning that Plaintiff did not have health insurance, refused to provide him with any medical care but permitted him to stay in the waiting room overnight. (Id.). Plaintiff alleges that, on July 12, 2013, Defendant forced Plaintiff, under threat of arrest, to leave the hospital and to get into a van that took him to a homeless shelter. (Id.). Plaintiff alleges further that he fell three times on the way to the van, but Defendant still provided no treatment. (Id. at 1-2). Plaintiff alleges that the van drove Plaintiff to a homeless shelter and left him. (Id. at 2). Plaintiff contends that Defendant engaged in "medical dumping" by forcing him to go to a homeless shelter instead of treating his injuries. (Id.). Plaintiff demands damages in the amount of $25 million. (Id. at 2).

42 U.S.C. § 1395dd, known as the Emergency Medical Treatment and Active Labor Act ("EMTALA"), "was enacted to prevent 'patient dumping,' the publicized practice of some hospitals turning away or transferring indigent patients without evaluation or treatment." Harry v. Marchant, 291 F.3d 767, 768 (11th Cir.

2002). "Under EMTALA, when an individual presents for treatment at the emergency department of a hospital, the hospital must provide an appropriate medical screening to determine whether an emergency medical condition exists. If an emergency medical condition is determined to exist, the hospital ordinarily must provide stabilization treatment before transferring [or discharging] the patient." Id.[2] To the extent that Plaintiff seeks to assert a claim pursuant to the EMTALA, the Court has federal-question jurisdiction, and need not determine whether Plaintiff and Defendant are citizens of different states. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff, however, did not plead sufficient facts for the Court to determine if it has personal jurisdiction over Defendant and whether venue is appropriate in the United States District Court for the Northern District of Georgia. The Court notes that Plaintiff does not allege where this incident occured, and the Court, in searching for an entity named "Norwegian American Hospital," has located only one hospital, located in Chicago, Illinois.[3] The Court thus assumes, based on the allegations in the Complaint, that the incident occurred in Chicago, Illinois, and

---

[2] 18 U.S.C. § 2255 provides a civil cause of action for victims of childhood sexual exploitation and other forms of abuse, and does not appear to be relevant Plaintiff's claims.

[3] http://www.nahospital.org/index.php/contact-us

3

that Defendant operates in Chicago, Illinois, and not in Georgia. The Court, thus, requires further information regarding Defendant to determine whether Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Larry D. Davis, Sr. shall file, on or before June 19, 2015, an amended complaint that provides the Court with sufficient information for the Court to determine whether it has personal jurisdiction over Defendant Norwegian American Hospital and whether venue is appropriate in the United States District Court for the Northern District of Georgia. Failure to comply with this Order shall result in dismissal of this action pursuant to Local Rule 41.3A(2).

**SO ORDERED** this 21st day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes further that Plaintiff's Complaint fails to comply with Rule 10 of the Federal Rules of Civil Procedure, insofar as Plaintiff's Complaint is not broken into numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).